1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DAVID MOORE,

11              Plaintiff,                    No. CIV S-04-2055 PAN

12         vs.

13
      JO ANNE B. BARNHART,
14    Commissioner of Social Security,

15              Defendant.                    ORDER

16    _____/

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18    Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under

19    Title II of the Social Security Act ("Act").  This case is before the undersigned pursuant to 28

20    U.S.C. § 636© (consent to proceed before a magistrate judge). For the reasons discussed below,

21    the court will grant plaintiff's motion for summary judgment or remand and deny the

22    Commissioner's cross-motion for summary judgment.

23    I.  Factual and Procedural Background

24              In a decision dated January 30, 2004, the ALJ determined plaintiff was not

25

26

1

1   disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals

2   Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of

3   neck and back pain, but that these impairments do not meet or medically equal a listed

4   impairment; plaintiff's testimony was not credible; plaintiff has the residual functional capacity

5   to perform the physical exertional requirements of work, except plaintiff cannot lift more than 10

6   pounds frequently nor more than 20 pounds occasionally; plaintiff has no non-exertional

7   limitations; plaintiff has the residual functional capacity to perform the full range of light work;

8   and plaintiff is not disabled.  Administrative Transcript ("AT") 29.  Plaintiff contends that the

9   ALJ erred by failing to credit the opinions of plaintiff's treating physicians; relying upon the

10   opinion of an examining physician to reach a conclusion not supported by substantial evidence in

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

the record; and by not finding plaintiff's depression to be a severe impairment.

II.  Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

a.  The ALJ Failure to Provide Specific and Legitimate Reasons for Rejecting the Opinion of Plaintiff's Treating Physician was Error.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821,

1   830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional,

2   who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v.

3   Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

4           To evaluate whether an ALJ properly rejected a medical opinion, in addition to

5   considering its source, the court considers whether (1) contradictory opinions are in the record;

6   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

7   treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

8   F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

9   rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Lester,

10  81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if

11  it is contradicted by a supported examining professional's opinion (e.g., supported by different

12  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

13  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

14  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

15  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

16  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

17  non-examining professional, without other evidence, is insufficient to reject the opinion of a

18  treating or examining professional.  Lester, 81 F.3d at 831.

19          In his findings, the ALJ makes no specific assessments of the various medical

20  opinions contained in the record.  The ALJ cited only the medical opinion offered by examining

21  physician Dr. Borges.  AT 28.  Dr. Borges examined plaintiff on September 9, 2003.  This

22  examination occurred approximately six weeks after plaintiff's second spinal fusion on July 22,

23  2003.

24          Dr. Borges gave an extensive, if somewhat confusing opinion of plaintiff's

25  capabilities.  In his opinion, Dr. Borges stated that plaintiff was capable of occasionally lifting 20

26  pounds and frequently lifting 10 pounds; could stand and walk about six hours in an eight hour

workday; could sit about six hours in an eight hour workday; was limited in pushing and pulling in the upper extremities; could frequently balance, kneel, crouch, and crawl, but should never climb; and was limited in overhead reaching.  AT 335-337.  However, in the same report, Dr. Borges also stated that plaintiff should limit his "prolonged sitting, standing, or walking to no more than one to two hours at a time on a noncontinuous basis for a maximum of six hours a day."  AT 333.

The ALJ agreed with many aspects of this assessment and determined plaintiff was capable of the full range of light work.  Light work "involves the lifting of no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).  Furthermore, jobs in the light work category involve "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  Id.  The ability to do substantially all of these activities is a requirement in order to be considered capable of performing the full range of light work.  Id.

Several medical opinions are present in the record that state that the extent of plaintiff's injuries do not permit him to perform light, or any, work.  Included in this group is the opinion of plaintiff's treating physician, Dr. Stenson.  Dr. Stenson is a family practitioner who treated plaintiff from the time of his initial complaints of injury in November 1998 through the date of the ALJ's decision.  On March 3, 2003, Dr. Stenson determined that plaintiff was "permanently totally disabled and unable to work at any profession" as a result of neck and back injuries as well as depression.  AT 157.  On October 21, 2003, following plaintiff's surgery and his examination by Dr. Borges, Dr. Stenson reaffirmed his opinion that plaintiff was permanently disabled.  AT 363.

In addition, several other doctors offered opinions similar to Dr. Stenson's that plaintiff was disabled by his injuries.  Dr. Montesano performed plaintiff's second spinal fusion. Upon examination following this surgery, Dr. Montesano concurred with the opinion of his physician's assistant that plaintiff was totally disabled due to his pain and unable to work.  AT

1    340.  This opinion was provided in spite of plaintiff's statements that some days he was pain

2    free.  Id.

3               Dr. Din stated on numerous occasions that plaintiff is permanently restricted from

4    performing any activities associated with work.  AT 362, 64, 65, 66.  This opinion remained

5    consistent before and after plaintiff's second spinal fusion and is supported by the multiple

6    opinions of Dr. Bray, who opined in February 2002 that plaintiff was permanently partially

7    disabled and precluded from substantial work.  AT 267.  Dr. Bray reiterated this opinion in

8    January 2004.  AT 382.[2]  While the opinions of Dr. Din and Dr. Bray were made exclusively in

9    the course of physical evaluations done for worker's compensation benefits, they provide support

10   for the conclusions of the treating physician.  See  Desrosier v. Secretary of Health and Human

11   Services, 846 F.2d 573, 577 (9th Cir. 1988)(citing to opinion of doctors who evaluated plaintiff

12   for worker's compensation claims as support for improperly rejected opinion of treating

13   physician).

14               The ALJ makes no mention in his findings of the contradictory conclusions of

15   plaintiff's treating physician, or of the other contrary medical reports in the record.  In fact,

16   despite being seen or having had his medical records reviewed by at least 11 physicians, the ALJ

17   refers to only two doctors in his findings.  One of those referenced is Dr. Borges.  The other

18   reference is to Dr. Montesano, and the surgery he performed upon plaintiff in July 2003 as well

19   as the MRI which supported his decision to operate.

20               This MRI is one of several pieces of medical evidence to which the ALJ cites in

21   discounting plaintiff's credibility.  However, the ALJ makes no attempt to demonstrate how this

22   medical evidence, or the resulting credibility determination, affects any of the medical opinions

23

24               [2]Dr. Bray stated, "[a]t this time, it is my opinion that unfortunately [plaintiff] remains on
     a not permanent and stationary status."  This statement is confusing in that it says plaintiff
25   remains on the status originally given to him, but that he is disability is not permanent.  Dr. Bray
     originally determined plaintiff was permanently disabled.  Along with Dr. Bray's expression of
26   disappointment, the court interprets his statement as a reaffirmation of plaintiff's permanent
     disabled status and the inclusion of "not" as a typographical error, poor draftsmanship, or shoddy
     transcription.

                                                    6

1  offered in the case.  The ALJ simply recites the medical evidence supporting his conclusion that

2  plaintiff is not disabled, refusing to acknowledge the contrary evidence contained in the record.

3          Credibility determinations do factor into evaluations of medical evidence.  <u>Webb</u>

4  <u>v. Barnhart</u>, 433 F.3d 683, 688 (9th Cir. 2005); <u>see</u> e.g. <u>Batson v. Comm'r of Soc. Sec. Admin.</u>,

5  359 F.3d 1190, 1195 (9th Cir. 2004).  When there are legitimate reasons to doubt a plaintiff's

6  complaints, the opinions upon which those complaints are based are also questionable.  <u>See</u>

7  <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169, F.3d 595, 602 (9th Cir. 1999)("A physical opinion

8  of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and

9  limitations' may be disregarded where those complaints have been 'properly discounted.'"

10  (quoting <u>Fair v. Bowen</u>, 885 F.2d 597, 605 (9th Cir. 1989))).  It is not clear that legitimate

11  reasons to doubt plaintiff's credibility exist in this case.

12          The ALJ's assessment of plaintiff's credibility is not supported by substantial

13  evidence in the record.  The ALJ determines whether a disability applicant is credible, and the

14  court defers to the ALJ's discretion if the ALJ used the proper process and provided proper

15  reasons.  <u>See</u>, <u>e.g.</u>, <u>Saelee v. Chater</u>, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical,

16  the ALJ must make an explicit credibility finding.  <u>Albalos v. Sullivan</u>, 907 F.2d 871, 873-74

17  (9th Cir. 1990); <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit

18  credibility finding to be supported by "a specific, cogent reason for the disbelief").

19          In evaluating whether subjective complaints are credible, the ALJ should first

20  consider objective medical evidence and then consider other factors.  <u>Bunnell v. Sullivan</u>, 947

21  F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

22  the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

23  medication, treatment and functional restrictions.  <u>See</u> <u>id</u>. at 345-47.  The ALJ also may consider:

24  (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

25  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

26  prescribed course of treatment, and (3) the applicant's daily activities.  <u>Smolen v. Chater</u>, 80 F.3d

1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  Without affirmative evidence of malingering, "the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

        To discredit plaintiff, the ALJ relied solely upon the lack of objective medical evidence in the record to support plaintiff's subjective complaints.  AT 27-28.  However, when plaintiff's complaints of neck and back pain are supported by objective medical evidence, as they are in this case, the lack of medical evidence to fully corroborate the severity of that pain cannot form the basis upon which to discredit plaintiff.  See Burch v. Burnhart, 400 F.3d 676 (9th Cir. 2005); Bunnell, 947 F.2d at 345.  The ALJ found no inconsistencies in plaintiff's testimony, Light, 119 F.3d at 792, plaintiff's daily activities, Burch, 400 F.3d at 681, lack of consistent treatment, Fair, 885 F.2d at 604, or plaintiff's reputation for truthfulness, Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) that might support a negative credibility determination.  The ALJ erred in his findings by failing to offer any reasons, other than his review of the medical evidence, to support his conclusion about plaintiff's credibility.

        Furthermore, much of the medical evidence utilized by the ALJ to make this conclusion predates plaintiff's second spinal surgery in July 2003.  The ALJ refers extensively to the medical evidence in the record that predates plaintiff's second surgery to support his findings.

1  Yet he utterly fails to address any opinions from that same period, including the opinion of

2  plaintiff's treating physician, Dr. Stenson, that plaintiff is disabled.

3          In addition, it is unclear whether the evidence cited by the ALJ provides the

4  substantial evidence necessary to support his conclusions.  The ALJ relied extensively upon

5  medical evidence documenting plaintiff's condition prior to July 2003 to affirm a finding of not

6  disabled.  However, when looking at the same medical history and complaints of pain by

7  plaintiff, Dr. Montesano felt the need to perform a second spinal fusion.  AT 350.  A second

8  opinion by Dr. Bray supported this decision to operate.  AT 361

9          The only piece of medical evidence utilized by the ALJ to determine plaintiff's

10  residual functional capacity that postdates his second spinal surgery is Dr. Borges' opinion that

11  plaintiff has the ability to do some tasks consistent with light work.  Unfortunately, just as the

12  ALJ was deficient in explaining his conclusions about plaintiff's credibility, so too was he

13  deficient in offering any reason why the opinion of this examining physician should be relied

14  upon over the opinion of plaintiff's treating physician or the other doctors in this case.

15          There are many bases upon which an ALJ may discredit and ignore the opinion of

16  plaintiff's treating physician.  However, the ALJ offered none of them in his findings.  Without

17  specific reasons justifying the credit given to the various medical opinions in this case, the ALJ's

18  findings cannot be permitted to stand.

19          The decision whether to remand a case for additional evidence or simply to award

20  benefits is within the discretion of the court.  Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.

21  1990).  Here, the ALJ did not simply improperly reject Dr. Stenson's opinion that plaintiff is

22  disabled; he completely failed to acknowledge its existence.  Where the ALJ "fails to provide

23  adequate reasons for rejecting the opinion of a treating or examining physician, [the court]

24  credit[s] that opinion as a matter of law."  Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995).  By

25  any standard, the failure to provide any reason is certainly less than adequate.

26          The treating physician offered an opinion in this case that was based upon his

1   familiarity with plaintiff's condition and the medical evidence available to him.  In his opinion,

2   Dr. Stenson stated that plaintiff was disabled and unable to work at any profession because of his

3   numerous ailments, including chronic neck and back pain, and depression.  Dr. Montesano found

4   plaintiff to be disabled and unable to work.  As a matter of law, because of the ALJ's failure to

5   adequately explain why these opinions from plaintiff's treating physicians should not be credited,

6   they must be accepted.

7          For the foregoing reasons, this matter will be remanded under sentence four of 42

8   U.S.C. § 405(g) for immediate payment of benefits.  As payment of benefits is appropriate in this

9   case because of the ALJ's failure to properly credit the opinion of plaintiff's treating physician,

10  the other issues raised by plaintiff are moot.

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's motion for summary judgment is granted.

13          2.  The Commissioner's cross motion for summary judgment is denied.

14          3.  This action is remanded to the Commissioner for immediate payment of

15  benefits.

16  DATED: May 30, 2006.

17

18          _____
            UNITED STATES MAGISTRATE JUDGE
19

20  ggh13
    Moore.ss.wpd
21

22

23

24

25

26